UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| FRANKLIN UNITED METHODIST HOME, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 1:10-cv-01086-RLY-DKL |
| LANCASTER POLLARD & CO. and STEVEN W. KENNEDY, | ) ) ) ) ) | |
| Defendants/Third-Party Plaintiffs, | ) ) | |
| vs. | ) ) | |
| JASON L. GEORGE and PECK, SHAFFER & WILLIAMS LLP, | ) ) ) ) | |
| Third-Party Defendants. | | |

**ORDER GRANTING THIRD-PARTY DEFENDANT'S MOTION TO DISMISS**[1]

On February 16, 2012, Third-Party Defendants Jason L. George and Peck, Shaffer & Williams filed a Motion to Dismiss Third-Party Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). As explained in this entry, the court **GRANTS** the motion.

---

[1] In addition to the Third-Party Defendants' Motion to Dismiss, Third-Party Defendants have filed an objection to a discovery ruling entered by the Magistrate Judge. However, because the Third-Party Defendants prevail on their Motion to Dismiss and will be dismissed from this lawsuit, there is no need to delve into the Magistrate Judge's discovery ruling.

**I.     The Pleadings**

The Plaintiff in this lawsuit, Franklin United Methodist Home, Inc. ("Franklin United"), utilized the financial advising services of Defendant/Third-Party Plaintiff Lancaster Pollard & Co. and its Vice-President, Steven W. Kennedy (collectively "Lancaster"), in connection with the tax exempt bonds and related credit swap agreements which were part of the financing for Franklin United's operations.  Franklin United sought the advice of Lancaster in 2008, when Lehman Brothers Holdings, Inc. filed for bankruptcy.  Lehman Brothers Holdings, Inc. was the parent company of Lehman Brothers Special Financing, Inc., with whom Franklin United had entered into the relevant swap agreements.  In short, Lancaster provided Franklin United with advice regarding whether the bankruptcy represented a default under the swap agreements and how to best terminate and replace those agreements.  Franklin United claims it followed the advice, but that the advice provided by Lancaster with regard to terminating the swap agreements was wrong and, as a result, it was forced to pay $2.4 million to settle a claim brought against it by Lehman Brothers.

Franklin United originally filed this lawsuit against Lancaster in the Superior Court for Johnson County, Indiana on August 4, 2010.  Based on diversity jurisdiction, Lancaster removed the action to this court on August 30, 2010, and, on January 20, 2012, filed a Third-Party Complaint against Ohio attorney, Jason George ("George"), and the law firm with which he practiced at the time, Peck Schaffer & Williams, LLC ("PS&W").  The Third-Party Complaint seeks indemnity from George and PS&W for any damages

Lancaster may be required to pay to Franklin United as a result of its Complaint. Lancaster claims that George provided them with legal advice regarding how to properly terminate the swap agreements and that they simply passed that advice on to Franklin United. Therefore, contends Lancaster, if they are held liable because the advice was inaccurate, George should be liable to them for providing the inaccurate advice and his former legal firm would be vicariously liable.

## II.     Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not the merits of the lawsuit. *United States v. Clark County, Ind.*, 113 F.Supp.2d 1286, 1290 (S.D.Ind. 2000) (citing *Gibson v. City of Chicago*, 910 F.2d 1510, 1520-21 (7th Cir. 1990)). In ruling on a motion to dismiss, the court construes the allegations of the complaint, or in this case the third-party complaint, in the light most favorable to the plaintiff, and all well-pleaded facts and allegations in the complaint are accepted as true. *Bontkowski v. First Nat. Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993). A motion to dismiss should be granted if the plaintiff fails to proffer "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Such a motion may also be granted if it is apparent from the plaintiff's pleadings that the statute of limitations has run. *Theriot v. Captain James Sprinkle, Inc.*, No. 93–3709, 1994 WL 287392 (7th Cir.

June 28, 1994) (citing *Rylewicz v. Beaton Services, Ltd.*, 698 F.Supp. 1391, 1398 (N.D.Ill. 1988)).

### III.   Discussion

George and PS&W assert three independent reasons for dismissing the Third-Party Complaint.  First, they assert that by providing Franklin United with legal advice regarding termination of the swap agreements, Lancaster engaged in the unlicensed practice of law and, therefore, stand before the court with unclean hands and may not seek the equitable remedy of indemnity.  George and PS&W also maintain that the allegations of the Third-Party Complaint are insufficient to state a cause of action for malpractice, but even if the allegations are sufficient the statute of limitations applies, barring any malpractice action.  A review of the pleadings reveals that the statute of limitations defense clearly applies, rendering an analysis of the first two arguments advanced by George and PS&W unnecessary.

Ohio Revised Code § 2305.11 sets forth a one year statute of limitations for malpractice claims.  Lancaster contends that because it is pursuing an indemnity claim and have yet to pay any damages to Franklin United, the statute of limitations would not apply.  Lancaster does not challenge the application of Ohio law, but asserts that because the indemnity claim is being brought based only on the potential that it could be held liable to Franklin United, the injury has yet to occur and, accordingly, the limitations

period for the claim cannot begin to run until Franklin United successfully obtains a judgment against Lancaster. However, under Ohio law, that is simply not the case.

Under Ohio law, whether a malpractice claim sounds in contract, tort or indemnity, a one year limitations period begins when the attorney-client relationship ends or when the client learns or reasonably should have learned that an injury is related to his attorney's commission of an error. *Wilkey v. Hull,* 598 F.Supp.2d 823, 830, 835-36 (S.D. Ohio 2009). To that end, "injury" is not defined monetarily, but in terms of notice. *Spencer v. McGill,* 622 N.E.2d 7, 15 (Ohio.App. 1993).

In *Wilkey*, the general partner in a limited partnership believed that, upon certain conditions, limited partners were entitled to a distribution equal to 100% of their capital contributions, while the limited partners believed that upon those same conditions, they were entitled to a 150% distribution. *Id.* at 9. During the course of discussions between the partners regarding an impending distribution, the general partner advanced the notion that the law firm which had drawn up the limited partnership agreement had inserted the provision calling for a distribution of 150% without the general partner's knowledge or approval. On October 25, 1988, one of the limited partner's wrote to the general partner and provided a history of how the 150% provision became a part of the limited partnership agreement and disputed the suggestion that the law firm had surreptitiously inserted it. *Id.* In that letter the limited partner mentioned an October 14, 1988, letter from the general partner, wherein the general partner apparently raised the issue of the law firm adding the 150% provision without his knowledge. *Id.* In the end, the general

partner distributed 100% of the limited partners' capital contributions upon the occurrence of the aforementioned conditions, and the limited partners sued, filing their complaint on August 28, 1990. *Id.* at 10.

That lawsuit alleged breach of contract, breach of fiduciary duty and conversion. *Id.* On January 9, 1991, the general partner filed his answer and a third-party complaint against several third parties, including the law firm which it asserted had made a change in the partnership agreement without instruction or authority. *Id*. The law firm answered, asserting the running of Ohio's one-year malpractice statute of limitations. After discussing the fact that under Ohio malpractice precedent, "injury" is defined by notice as opposed to when a monetary obligation is determined, the court found merit in the statute of limitations defense, stating:

> Certainly by September 1988, or at the latest by October 1988, appellants were put on notice of the extent and seriousness of the difference between their interpretation of the payout provision and the interpretation of the limited partners. As Schoff stated in his letter to appellant McGill, the difference was in the amount of at least $210,000.
> Appellants were therefore aware by October 1988, that if they distributed the "payout" according to their interpretation rather than under the express terms of the partnership agreement, they would be liable for the monetary difference. It is thus reasonable to assert appellants were by then on notice of an "injury" allegedly caused by appellee's improper drafting of the partnership agreement.

*Id*. at 15.

While the procedural posture in *Wilkey* closely mimics the case at bar, George and PS&W have pointed this court to several other cases which make clear that a victim of legal malpractice whose relationship with the attorney has ended, must pursue a case

within a year of becoming aware that the attorney's acts, or failure to act, has caused them to incur injury or damage, regardless of how the claim is posited or labeled.  *Zimmie v. Calfee, Halter and Griswold,* 538 N.E.2d 398 (Ohio 1989)(invalidation of antenuptial agreement was "cognizable event" putting client on notice of need to pursue possible remedies against attorney, post-representation, even though damages were not completely ascertainable); *Illinois Nat. Ins. Co. v. Wiles, Boyle*, *Burkholder & Bringardner Co., L.P.A.*, 2010 WL 4926572,  ¶ 15 (December 2, 2010, Ohio App.)(affirming judgment for law firm on breach of contract and fiduciary duty claims, finding them to be a malpractice claim regardless of labeling); *Torok v. Torok,* 1987 WL 5654 (January 22, 1987)(upheld attorney's defense that third-party plaintiff had notice of malpractice claim when a malicious prosecution claim, based upon actions of third-party plaintiff taken in conjunction with allegedly negligently drafted affidavit, was raised in lawsuit against third-party plaintiff).

  In the case at bar, while Lancaster refers to its claims against George and PS&W as ones for indemnity, it doesn't disclaim that the indemnity it seeks is premised upon George's alleged malpractice and that they seek to hold PS&W vicariously liable for that malpractice.  When Franklin United filed its lawsuit against Lancaster in Johnson Superior Court in August 2010, its claim was premised on the inaccurate advice which it received from Lancaster regarding the cancellation of the credit swap agreements. Lancaster reasonably knew or should have known at that point that the advice it passed on from George to Franklin United was the cause for it having to defend against Franklin

7

United's claim and, to the extent Lancaster believed its liability would hinge on advice negligently provided by George, it needed to pursue its rights against George and PS&W within a year of that lawsuit.  Lancaster did not do that; instead, it waited for more than sixteen months to file its Third-Party Complaint.

Lancaster argues that there is some saving grace for it in the fact that Franklin United's lawsuit against it was one for declaratory judgment, until December 2011, when the complaint was amended to reflect the settlement agreement with Lehman Brothers and to set forth a specific amount of damages sought.  However, as the court noted previously, such an argument is of no moment because it is notice and not monetary definitiveness that constitutes the "cognizable event" necessary to trigger the running of the limitations period.  *Spencer,* 622 N.E.2d at 15.

In the case at bar, the Third-Party Complaint asserts a legal malpractice claim against George and a vicarious liability claim against PS&W based upon alleged malpractice.  Third-Party Plaintiffs pray that they be awarded a judgment for all sums they may be adjudged liable to pay to Franklin United.  Franklin United's complaint was filed and served more than one year prior to the filing of the Third-Party Complaint.  Accordingly, on the face of the relevant pleadings, Lancaster's malpractice/indemnity claims are barred by the applicable Ohio statute of limitations, Ohio Revised Code § 2305.11.

**IV.     Conclusion**

For the reasons set forth in this entry, Third-Party Defendants' Motion To Dismiss (Docket # 63) is **GRANTED**, and the claims against Jason L. George and Peck, Shaffer & Williams LLP, are hereby dismissed.  Consequently, Third-Party Defendants' Objection To and Appeal Of Magistrate's Order (Docket # 91) is **DENIED as MOOT**.

**SO ORDERED** this __21st__ day of September 2012.

_____
RICHARD L. YOUNG,  CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record